21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Duaane B. KOBE, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS; Dan Bolden, Defendants-Appellees.
 No. 93-2354.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Duaane B. Kobe, a Michigan state prisoner, appeals a district court order awarding summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kobe brought suit against two Michigan Department of Corrections officials seeking monetary damages and injunctive relief. He alleged that defendants had violated his First Amendment rights and state administrative rules by refusing to allow him to receive certain mail under a prison regulation that forbids the receipt of depictions of homosexual activity. The district court entered summary judgment for the defendants, and this appeal followed.
 
 
 3
 Upon review, we conclude that defendants were properly granted summary judgment, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The regulation in question does not violate Kobe's First Amendment rights, as it is reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 414-19 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). Nor does the prison policy directive violate state procedural rules. See Hunter v. Koehler, 618 F.Supp. 13, 17 (W.D.Mich.1984).
 
 
 4
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's order dated September 24, 1993.